Knorpp *v.* Knorpp, Appellant.

Argued October 2, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Edward A. Kelly,* with him *Irving I. Solit* and *Charles S. Solit,* for appellant.

*J. Joseph Stratton,* for appellee.

OPINION BY BALDRIGE, J., November 20, 1940:
The libel filed in the divorce action alleges (a) wilful

and malicious desertion; (b) cruel and barbarous treatment; and (c) indignities to the person.

The master filed a clear and comprehensive report in which he recommended that the libel be dismissed on the grounds of desertion and cruel and barbarous treatment, but that a decree of divorce be entered for indignities to the person. The learned court below dismissed exceptions to the master's report, adopted his findings of fact and conclusions of law and granted the divorce.

The question before us in this appeal is whether the libellant established by clear and satisfactory evidence his right to a severance of the marital ties. We have examined the voluminous record before us, consisting of over 900 pages, and, after giving careful consideration thereto, we have reached the independent judgment that the libellant is entitled to a divorce.

There are no novel legal questions involved that require consideration, nor can we conceive of any benefit that would result to those especially interested or to others in narrating or discussing in detail the unfortunate occurrences that preceded the institution of this proceeding. Sufficient to state that the marriage took place March 29, 1928. The parties had a common domicile in Philadelphia on November 9, 1936, when the wife ordered her husband to leave their home. The evidence supports the charges that the respondent, who, undoubtedly, is a nervous and emotional person, unjustly accused the libellant on numerous occasions, in the presence of others, of infidelity; that she publicly called him vile names, told him at different times to get out and stay out of the home, refused for long periods to occupy the same bedroom with him, assaulted him, and quite frequently created serious commotions. She used violence in a house of her relatives where the libellant was then living, by knocking down her crippled uncle, attacking her aunt and defaming her as well

as her daughter by reflecting upon their chastity, and then threw libellant's clothes out the window onto the street, and created such a disturbance that a policeman was summoned. True, this last occurrence was after the separation, but it throws light on the course of her conduct toward the libellant and reflects her general disposition.

There were other incidents in the married life of this mismated couple, which we will not recite, that tend to support the libellant's charge of indignities. His testimony was corroborated by a number of witnesses. The respondent admitted, but attempted to excuse, some of the occurrences testified to by libellant and his witnesses. She and her witnesses denied others.

Considering the evidence in its entirety we find ourselves in accord with the conclusion of the master, who had the benefit of hearing and seeing the witnesses and with the court below that the libellant successfully carried the burden that was imposed upon him by the law.

Decree of the court below is affirmed.